UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

STATE OF ALASKA,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

Defendants.

CASE NO. 3:25-cv-00148-JLR

ORDER

## I. INTRODUCTION

Before the court are (1) the court's July 25, 2025 order requiring the parties to show cause why the court should not stay this matter pending the issuance of the mandate in the appeal of this court's order in *Holl v. Avery*[1] (7/25/25 Order (Dkt. # 42)); and (2) Defendants the United States Department of the Interior, Bryan Mercier, Karen

[1] *See Holl v. Avery*, No. 3:24-cv-00273-JLR, 2025 WL 1785887 (D. Alaska June 27, 2025); *see also Holl v. Avery*, No. 25-4618 (9th Cir.) (the "*Holl* Appeal").

Hawbecker, and Sharon Avery's (collectively, the "United States") motion to amend the case schedule (Mot. (Dkt. # 46)). The United States, Defendant Native Village of Eklutna (the "Tribe"), and Plaintiff the State of Alaska (the "State") have responded to the court's order to show cause. (*See* United States Resp. (Dkt. # 50); State Resp. (Dkt. # 51); Tribe Resp. (Dkt. # 53).) The Tribe and the State also have responded to the United States' motion to amend the schedule. (*See* Tribe Sched. Resp. (Dkt. # 49); State Sched. Resp. (Dkt. # 51).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court STAYS this action pending issuance of the mandate in the *Holl* Appeal, and the court DENIES as moot the United States' motion to amend the schedule.

## II. BACKGROUND

The State challenges administrative decisions by the United States that authorized the Tribe to conduct gaming under the Indian Gaming Regulatory Act ("IGRA"), *see* 25 U.S.C. §§ 2701-2721, in an area known as the Ondola Allotment (Compl. (Dkt. # 1) ¶¶ 1-2).

The State alleges that "[f]or over 30 years, the Department of the Interior took the position that federally recognized tribes in Alaska did not have territorial jurisdiction over Alaska Native Allotments[.]" (*Id.* ¶ 3.) In 2016, the Tribe asked the United States to determine that the Ondola Allotment was eligible for gaming, and the United States denied the Tribe's request. (*Id.* ¶¶ 4-5.) The Tribe then filed suit challenging that decision, and the United States District Court for the District of Columbia affirmed the Department of the Interior's decision, reasoning that the decision was neither arbitrary


Case 3:25-cv-00148-JLR Document 54 Filed 09/04/25 Page 2 of 8

and capricious nor contrary to law. (*See id.* ¶¶ 6-7 (citing *Native Vill. of Eklutna v. U.S. Dept. of the Interior*, No. 19-cv-02388 (DLF), 2021 WL 4306110 (D.D.C. Sept. 22, 2021) (the "2019 Case")).)

The State contends that, in 2024, the United States changed its position, determined that Alaska tribes "are presumed to have territorial jurisdiction over Alaska Native allotments[,]" and approved a gaming ordinance for the Tribe on the Ondola Allotment. (*See id.* ¶¶ 3-10.) The State alleges that the United States was incorrect to do so, and the State seeks reversal of the administrative decisions approving the gaming ordinance, determining that the Ondola Allotment is eligible for gaming, and approving a lease between the owners of the Ondola Allotment and the Tribe. (*Id.* ¶¶ 11, 65-71.)

On February 4, 2025, the State initiated this action in the United States District Court for the District of Columbia. (*See* Compl.) On April 9, 2025, the State moved for a preliminary injunction. (MPI (Dkt. # 15).) The case was then transferred to this district, and the deadline to respond to the State's motion for a preliminary injunction was vacated. (*See* 6/23/25 Order (Dkt. # 33) (transferring case); 7/3/25 Min. Order (vacating deadlines).)

On June 27, 2025, in a separate action, this court dismissed with prejudice a complaint by a group of Alaska landowners seeking to challenge, in pertinent part, the United States' approval of the Tribe's gaming ordinance on the Ondola Allotment. *See generally Holl*, 2025 WL 1785887. In dismissing the *Holl* action, the court reasoned that the Tribe is entitled to tribal sovereign immunity, and that the action could not proceed in


Case 3:25-cv-00148-JLR Document 54 Filed 09/04/25 Page 3 of 8

the Tribe's absence because the Tribe is a necessary party. *See id.* at *3-5 (citing Fed. R. Civ. P. 12, 19). The plaintiffs in *Holl* appealed to the Ninth Circuit. *See Holl* Appeal.

On July 22, 2025, the Tribe moved to dismiss this action, citing *Holl*. (MTD (Dkt. # 40) (citing *Holl*, 2025 WL 1785887).) On July 25, 2025, the court ordered the parties to show cause why this case should not be stayed pending the issuance of the mandate in the *Holl* Appeal. (*See* 7/25/25 Order (Dkt. # 42)). On August 7, 2025, the United States moved, in relevant part, to amend the case schedule so that the court decides the Tribe's motion to dismiss before briefing begins on the State's motion for a preliminary injunction. (*See* Mot. at 4-5.) Approximately two weeks later, the parties responded to the court's order to show cause (*see* United States Resp.; Tribe Resp.; State Resp.), and the Tribe and the State responded to the United States' motion (*see* Tribe Sched. Resp.; State Sched. Resp.) Accordingly, the issues of whether the court should stay this case and of the appropriate case schedule have been fully briefed and are ripe for decision.

## III. DISCUSSION

The court first discusses whether to stay this case pending issuance of the mandate in the *Holl* Appeal. The court then turns to the United States' motion to amend the case schedule.

### A. Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Alaska v. Express Scripts, Inc.*, 774 F. Supp. 3d 1150, 1158 (D. Alaska 2025) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

When the "pending resolution of independent proceedings [] bears upon the case[,]" a court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it[.]" *Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). In deciding whether to grant a stay, courts must weigh the interests affected, including the following factors: (1) "the possible damage which may result from [] granting [the] stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (cleaned up). A court generally should not grant such a stay "unless it appears likely the other proceedings will [conclude] within a reasonable time." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (cleaned up). The Ninth Circuit has "repeatedly held that a district court does not abuse its discretion by staying litigation for efficiency reasons pending resolution of other related proceedings." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1086 (9th Cir. 2024) (cleaned up).

As to the first factor, the parties do not identify any damage that may result from granting a stay. To the contrary, all of the parties support a stay, and they disagree only on its duration. Specifically, the United States and the Tribe support staying this matter pending the *Holl* Appeal (*see* United States Resp. at 1-3; Tribe Resp. at 1-5), and the State argues that the court should instead stay this case pending resolution of a motion that the State recently filed in the 2019 Case (*see* State Resp. at 1-2).

As to the second and third factors, a stay pending the *Holl* Appeal will reduce the likelihood that the parties must expend unnecessary effort and will simplify and clarify questions of law that will arise in this case. *Holl* and this action both concern substantially the same defendants and the same approval of a gaming ordinance for the Tribe on the Ondola Allotment. (*Compare* Compl. ¶¶ 1-11, *with Holl*, 2025 WL 1785887,at *1-2.) Moreover, the Tribe raises the same arguments concerning tribal sovereign immunity and necessary parties in its motion to dismiss in this action as the Tribe raised in its motion to dismiss in *Holl*. (*Compare* MTD at 8-21, *with Holl,* 2025 WL 1785887, at *3-6 (summarizing the Tribe's arguments).) Because these questions are jurisdictional, the court must decide them as a threshold matter in this action before considering the State's motion for a preliminary injunction. *See, e.g.*, *Shell Offshore Inc. v. Greenpeace, Inc.*, 864 F. Supp. 2d 839, 842 (D. Alaska 2012) ("A district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the claim before it."). Consequently, staying this case pending the *Holl* Appeal will reduce the likelihood that the parties will brief the issues here, only to find that their work has been obviated by, or is in need of supplementation after, the *Holl* Appeal. Staying the case likely will also provide the court with additional clarity from the Ninth Circuit concerning the legal questions that the court must address at the outset of this case.[2]

[2] The court also observes that the *Holl* appeal will likely conclude within a reasonable time because briefing has already begun and will be complete within the next two months. *See Holl v. Avery*, No. 25-4618 (9th Cir. July 24, 2025), Dkt. # 2 (schedule notice).

In contrast, staying this case pending resolution of the State's motion in the 2019 Case would provide no benefit. The State argues that this case both differs from *Holl* and relates to the 2019 Case because "the State's focus here is to enforce the favorable judgment it received [in the 2019 Case.]" (State Resp. at 2-3.) As the court noted above, however, the 2019 Case concerned a different administrative decision: the decision to deny the Tribe's 2016 request to conduct gaming on the Ondola Allotment. Indeed, before this case was transferred, the United States District Court for the District of Columbia observed that this action "does not seek to enforce [its] prior judgment" from the 2019 Case; instead, this is an "entirely new" action challenging "new final agency actions." (*See* 6/23/25 Order at 11, 14.)

In sum, the court concludes staying this action pending the *Holl* Appeal is both the most efficient course and also the fairest course for the parties here. Accordingly, the court STAYS this action pending issuance of the mandate in the *Holl* Appeal and VACATES all existing deadlines in this action.

**B. Motion to Amend Schedule**

After the mandate issues in the *Holl* Appeal, the court will order the parties to propose a briefing schedule for the Tribe's pending motion to dismiss, and the court will decide that motion before setting a briefing schedule on the State's motion for a preliminary injunction. Because the court has stayed this matter and vacated all existing deadlines, however, the United States' motion to amend the schedule is now moot. Accordingly, the court DENIES as moot the United States' motion to amend the case schedule.

## IV. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

1. The court STAYS this action pending issuance of the mandate in the *Holl* Appeal.

2. The court VACATES all existing deadlines in this action.

3. The court DENIES as moot the United States' motion to amend the schedule (Dkt. # 46). The court ORDERS the parties, within 14 days after the mandate issues in the *Holl* Appeal, to propose a briefing schedule for the Tribe's pending motion to dismiss (Dkt. # 40).

Dated this 4th day of September, 2025.

JAMES L. ROBART
United States District Judge